**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:19-CV-409 |
| | § | |
| 6.10 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN HIDALGO COUNTY, | § | |
| STATE OF TEXAS; YOLANDA | § | |
| HERNANDEZ, ET AL. | § | |
| | § | |
| *Defendants.* | § | |

---

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

---

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Roland D. Ramos, Assistant United States Attorney on behalf of the United States, conferred or attempted to confer with all defendants not in agreement between January 16, 2020 and January 24, 2020.

   At this time, fifty six (56) of the defendants have agreed in writing to the amount of just compensation offered in this matter ("the fifty six (56) defendants in agreement"). The fifty six (56) defendants in agreement make up approximately 77% of the ownership interest in the property, and the United States does not anticipate that they will participate in discovery in this action. The fifty six (56) defendants in agreement are as follows:

   1. Yolanda Jackson Hernandez

   2. Daniel Jackson, Jr.

   3. Apolonio Jackson, Jr.

   4. Edwardo Lee Jackson

   5. Brenda Lee Jackson

   6. Narsedalia Jackson

   7. Jesse Lee Jackson, Jr.

   8. Joe Lee Jackson

   9. Jaime Jackson

10. Carmela Barron Jackson

11. Antonia Margarita Jackson Rodriguez

12. Emilia Jackson

13. Angelica Jackson

14. David Brewster

15. Clemencia America Brewster Rodriguez

16. Melissa Cher Lewis

17. Virginia Sanchez

18. Rosa Linda Brewster

19. Jacqueline Brewster

20. Pablo Olvera

21. Felipa Olvera

22. Felix Olvera

23. Trinidad Mata, Jr.

24. Jorge D. Olvera

25. Carolina Olvera Duran

26. Guadalupe Sanchez, Jr.

27. Alberto J. Sanchez

28. Pedro J. Sanchez

29. Eugenia Bueno Sanchez

30. Eutimio Sanchez, Jr.

31. Larry B. Sanchez

32. Paula S. Botello

33. Hilaria Sanchez Castellanos

34. Lucinda Sanchez Hernandez

35. Natalia Sanchez

36. Marissa Sanchez Hinojosa

37. Nelda Janet Sanchez Morales

38. Rogelio Sanchez

39. Felipe Castillo, Jr.

40. Noemi Garcia Castillo

41. Rene Castillo, Jr.

42. Cindy Castillo

43. Ashley Nicole Castillo

44. Israel Castillo, Jr.

45. Justin Castillo

46. Natalie Roxanne Castillo

47. Guadalupe Sanchez Cano

48. Maria Del Rosario Sanchez

49. Norma Sanchez

50. Gaspar Sanchez, Jr.

51. Thelma Sanchez

52. Jennifer Janell Sanchez

53. Laura Morgan Richey

54. Claude Henry Richey, Jr.

55. William Edgar Richey

56. Mary Azam

Of the remaining defendants, eight (8) are opposed to condemnation of the property by the United States, and twenty three (23) have not agreed in writing to the amount of just compensation offered for the property. Of the twenty three (23) defendants who have not agreed in writing, eighteen (18) have verbally indicated that they are agreed to the amount of just compensation offered in this matter, and the United States does not anticipate that they will participate in discovery in this action.

The United States has attempted to confer with these remaining defendants, but they have not participated in the drafting of this case management plan. The eight (8) opposed defendants have informed the United States that they will be represented by the Texas Civil Rights Project; however, no notice of appearance has been filed in this case.

**2.   List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

None at this time.

**3.** <u>**Briefly**</u> **describe what this case is about.**

This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest.

**4.** **Specify the allegation of federal jurisdiction.**

The United States alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

**5.** **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

None.

**6.** **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

None.

**7.** **List anticipated interventions.**

None.

**8.** **Describe any class-action issues.**

None.

**9.** **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

The United States will provide initial disclosures pursuant to Rule 26(a)(1)(A) by February 7, 2020, pursuant to Rule 26(a)(1)(C).

The United States does not know when the remaining defendants not in agreement intend to provide initial disclosures pursuant to Rule 26(a).

**10.** **Describe the discovery plan proposed by the parties, including:**

    **A.** **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

    None.

**B.   When and to whom the plaintiff anticipates it may send interrogatories?**

At this time, only eight (8) of the defendants are opposed to condemnation of the property by the United States. Those eight (8) defendants specifically raised concerns over the ownership of the property, the amount of just compensation, and the proposed structure to be developed on the property.

Twenty three (23) of the defendants have not agreed in writing to the amount of just compensation offered in this matter and have not participated in the drafting of this case management plan. Of the twenty three (23) defendants who have not agreed in writing, eighteen (18) have verbally indicated that they are agreed to the amount of just compensation offered in this matter and the United States does not anticipate that they will participate in discovery in this action.

The United States anticipates sending interrogatories to the eight (8) opposed defendants and possibly to some of the twenty three (23) defendants that have not agreed in writing to the amount of just compensation in this action within 30 days after the entry of the Court's scheduling order.

**C.   When and to whom the defendant anticipates it may send interrogatories?**

The fifty six (56) defendants in agreement are unopposed to condemnation of the property by the United States, and therefore the United States does not anticipate that they intend to participate in discovery or send interrogatories in this action.

The United States has attempted to confer with the remaining defendants who are opposed or who have not agreed in writing to the amount of just compensation, but they have not participated in the drafting of this case management plan. In attempting to confer with the eight (8) opposed defendants, they informed the United States that they will be represented by the Texas Civil Rights Project; however, no notice of appearance has been filed in this case.

Accordingly, the United States is unsure whether the remaining defendants who are opposed or who have not agreed in writing to the amount of just compensation anticipate sending interrogatories in this action.

**D.   Of whom and by when the plaintiff anticipates taking oral depositions?**

At this time, only eight (8) of the defendants are opposed to condemnation of the property by the United States. Those eight (8) defendants specifically raised concerns over the ownership of the property, the amount of just compensation, and the proposed structure to be developed on the property.

Twenty three (23) of the defendants have not participated in the drafting of this case management plan and have not agreed to the amount of just compensation offered in this matter. Of the twenty three (23) defendants who have not agreed in writing, eighteen (18) have verbally indicated that they are agreed to the amount of just compensation offered in this matter and the United States does not anticipate that they will participate in discovery in this action.

The United States anticipates taking the depositions of the eight (8) opposed defendants and possibly some of the twenty three (23) defendants that have not agreed to the amount of just compensation in this action.

**E.   Of whom and by when the defendant anticipates taking oral depositions?**

The fifty six (56) defendants in agreement are unopposed to condemnation of the property by the United States, and therefore the United States does not anticipate that they intend to participate in discovery or take depositions in this action.

The United States has attempted to confer with the remaining defendants who are opposed or who have not agreed in writing to the amount of just compensation, but they have not participated in the drafting of this case management plan. In attempting to confer with the eight (8) opposed defendants, they informed the United States that they will be represented by the Texas Civil Rights Project; however, no notice of appearance has been filed in this case.

Accordingly, the United States is unsure whether the remaining defendants who are opposed or who have not agreed in writing to the amount of just compensation anticipate taking depositions in this action.

**F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The defendants have the burden of proof regarding the issue of just compensation in this action. At this time, the United States does not know if the opposed defendants or defendants who have not agreed in writing to the amount of just compensation intend to designate experts.

The United States does not anticipate expert designations will be necessary in this fee taking case. However, if the opposing defendants or defendants who have not agreed in writing to the amount of just compensation in this matter intend to designate experts, the United States would designate responsive experts and provide their reports by the end of the discovery period as designated by the Court.

**G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The defendants have the burden of proof regarding the issue of just compensation in this action. At this time, the United States does not know if the opposed defendants or defendants who have not agreed in writing to the amount of just compensation anticipate taking expert depositions.

**H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The United States does not know if the opposed defendants or defendants who have not agreed in writing to the amount of just compensation anticipate taking depositions. However, if those defendants conduct expert depositions, then the United States anticipates taking expert depositions to be completed by the end of the discovery period as designated by the Court.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

As noted, the fifty six (56) defendants in agreement, making up approximately 77% of the ownership interest in the property, are unopposed to condemnation of the property by the United States, and the United States does not anticipate that they will participate in discovery in this matter.

To the extent that the remaining defendants, making up approximately 23% of the ownership interest in the property, are not agreed on a part of the discovery plan, the United States has been unable to confer with them on how to proceed with discovery in this action.

In attempting to confer with eight (8) of the remaining defendants who are specifically opposed, they informed the United States that they will be represented by the Texas Civil Rights Project; however, no notice of appearance has been filed in this case.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The United States has met with many of the defendants to discuss this case, their ownership interest in the property, and the just compensation offered for the property. Besides these initial meetings, no other discovery has been undertaken.

13. **State the date the planned discovery can reasonably be completed.**

If the Court grants discovery, the United States anticipates that discovery can be reasonably completed in 120 days if the named landowners are responsive.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The United States has successfully resolved this case with the fifty six (56) defendants in agreement, which make up approximately 77% of the ownership interest in the property.

Regarding the remaining eight (8) opposed defendants and twenty three (23) defendants who have not yet agreed in writing to the amount of just compensation offered for the property, the United States has been unable to confer with them but it will continue to explore options for settling this matter with hopes that no discovery will be necessary.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, on or about November 26, 2018, Realty Specialists from the United States Army Corps of Engineers (USACE) visited defendant Ventura Brewster Flores. Ms. Flores referred the negotiators to her son, Daniel Flores. USACE then made contact with Mr. Flores and he provided a copy of a power of attorney granting him the authority to sign on behalf of Ventura Brewster Flores, Amalia Brewster Flores, Rose Brewster Dillard, Jamie Lanay Brewster, and Luisa Brewster Gallardo. Although Mr. Flores stated that he supports the border barrier project, he had concerns about the alignment of the border barrier by the levee and said that his mother was opposed to the border barrier project because it would block the view from the property.

On or about July 30, 2019, USACE conducted research to determine information about the heirs of the owners of the property at issue. USACE contacted two of the family members and they stated they would ask other family members to contact USACE. None of the family members contacted USACE to provide further information.

Condemnation was subsequently recommended due to the number of unknown heirs and heirs that could not be located.

Beginning October 1, 2019, the United States conducted research to identify all interested landowners in this matter. As landowners were identified and located, the United States attempted to contact all of them to negotiate and discuss the Offer to Sell (OTS) their interest in the property. The United States obtained Affidavits of Heirship for all of the heirs of the owners of the property, and many of the landowners agreed to sell their interest in the property for the offered amount of just compensation.

On November 14, 2019, Daniel Flores, Ventura Brewster Flores, and Luisa Brewster Gallardo visited the U.S. Attorney's Office for a meeting regarding the sale of the property. Mr. Flores confirmed that he has power of attorney for Ventura Brewster Flores, Luisa Brewster Gallardo, Jamie Lanay Brewster, Rose Brewster Dillard, and Amalia Brewster Flores. Mr. Flores stated that they believed the heirs of Clemencia Jackson Brewster were the only owners of the property. The United States went over the title documents and explained why there were so many landowners for the property at issue. The United States also informed them that the property had never been taxed because it was thought that the United States already owned the property when in fact it only had an easement. Mr. Flores stated that they understood why there were so many landowners, but he still wanted to talk it over with an attorney. We then discussed the structure of the border barrier and Mr. Flores and his family were opposed to the design of the structure. Mr. Flores stated that they were opposed to the sale of their interest in the property and that they would seek counsel. Mr. Flores did not raise an issue as to the amount of just compensation at this meeting.

From November 14, 2019 to December 11, 2019, the United States continued to attempt to contact all of the landowners in this matter to continue negotiations and discussions regarding the sale of the property. Although a majority of the landowners agreed to sell their interest in the property for the offered amount of just compensation, the United States received instructions to file the Declaration of Taking once received due to the minority of landowners who are opposed to the sale of their interest in the property.

On December 11, 2019, the United States filed the Declaration of Taking to condemn the property in this matter but continued negotiations and communications with all landowners.

As of January 23, 2020, fifty six (56) of the landowners have agreed in writing to the amount of just compensation offered in this matter. The fifty six (56) landowners in agreement make up approximately 77% of the ownership interest in the property. Additionally, eighteen (18) of the remaining landowners who have not yet agreed in writing have verbally indicated that they are agreed to the amount of just compensation offered in this matter.

The United States is continuing to attempt negotiations and communications with the remaining landowners.

**16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The United States does not believe that formal alternative dispute resolution is applicable in this case; however, the United States will continue to attempt to negotiate with the remaining eight (8) opposed defendants and twenty three (23) defendants that have not agreed in writing to the amount of just compensation offered for the property.

**17.  Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The United States does not agree to a trial before a magistrate judge.

The United States does not know whether the eight (8) opposed defendants and twenty three (23) defendants that have not agreed in writing to the amount of just compensation intend to request a trial before a magistrate judge.

**18.  State whether a jury demand has been made and if it was made on time.**

The United States makes no demand for a jury trial.

None of the defendants have made a demand for a jury trial.

**19.  Specify the number of hours it will take to present the evidence in this case.**

Depending on whether experts are needed, the United States believes the evidence in this case could be presented in eight hours or less.

The United States is unaware of the position of the eight (8) opposed defendants and twenty three (23) defendants that have not agreed to the amount of just compensation.

**20.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

The United States has filed a Motion for Possession (Dkt. No. 66) that could be ruled on at the initial pretrial and scheduling conference.

**21.  List other motions pending.**

None.

**22.  Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

Daniel Flores, on behalf of Ventura Brewster Flores, Luisa Brewster Gallardo, Jamie Lanay Brewster, Rose Brewster Dillard, and Amalia Brewster Flores, stated that they remain

opposed to the United States condemnation of the property. Teresa Casarez Brewster, Roxanne Brewster Rodriguez, and Diane Brewster also remain opposed to the United States Condemnation of the property, and they have informed the United States to defer to Mr. Flores.

On January 8, 2020, Mr. Flores notified the United States that they have three matters of contention regarding the condemnation of the property: (1) the ownership of the property; (2) the amount of just compensation; and (3) the structure to be built on the property.

Due to the matters of contention raised by Mr. Flores, it will likely be necessary to conduct a title hearing prior to a just compensation hearing.

As noted, eight (8) of the remaining defendants have informed the United States that they will be represented by the Texas Civil Rights Project, although no notice of appearance has been filed in this case. However, should any of the remaining eight (8) opposed defendants or twenty three (23) defendants that have not agreed in writing to the amount of just compensation offered for the property remain *pro se*, it could present challenges in discovery.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

The United States filed a Disclosure of Interested Parties with the Court on December 10, 2019.

None of the other named parties in this case have filed a Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

COUNSEL FOR PLAINTIFF:

**ROLAND D. RAMOS**
Assistant United States Attorney
Southern District of Texas No. 3458120
Texas Bar No. 24096362
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Roland.Ramos@usdoj.gov
Attorney in Charge for Plaintiff

*PRO SE* DEFENDANTS:

Yolanda Jackson Hernandez
Donna, TX

Daniel Jackson Jr.
Donna, TX

Apolonio Jackson Jr.
Donna, TX

Brenda Lee Jackson
San Juan, TX

Narsedalia Jackson
San Juan, TX

Edwardo Lee Jackson
Austin, TX

Oralia Jackson Santiago
San Antonio , TX

Jesse Lee Jackson, Jr.
Donna, TX

Joe Lee Jackson
Donna, TX

Jaime Jackson
Donna, TX

Carmela Barron
Jackson
Donna, TX

Antonia Margarita Jackson
Rodriguez
Imlay City, MI

Raymond Adam Jackson
Lapeer, MI

Leonard Thomas
Jackson
Lapeer, MI

Ricardo Jackson
Lapeer, MI

Emilia Jackson
Grand Rapids, MI

Angelica Jackson

Comstock Park, MI

Andres Jackson
Grand Rapids, MI

Samuel Brewster, Jr.
Fairmont, MN

James Brian Brewster
P.O. Box 549
Whiteville, TN 38075

Gabriel Bryan Brewster
Fairmont, MN

David Brewster
Edinburg , TX

Clemencia America
Brewster Rodriguez
Brownfield, TX

Sandra Brewster
Fairmont, MN

Melissa Cher Lewis
Niles, MI

Virginia Sanchez
Edinburg, TX

Teresa Casarez Brewster
P.O. Box 554
Donna, TX 78537

Roxanne Brewster Rodriguez
Alamo, TX

Diane Brewster
Alamo, TX

Rosa Linda Rios Brewster Luna
Antioch, TN

Jacqueline Brewster
Nashville, TN

Frances F. Brewster
Madison, TN

Ventura Brewster Flores
P.O. Box 472
Donna, TX 78537

Amalia Brewster Flores
Donna, TX

Rosa  Brewster Torres
Dillard
Donna, TX

Jamie Lanay Brewster
Donna, TX

Luisa Brewster Gallardo
Donna, TX

Trinidad Mata, Jr.
Halls, TN

Josefa Mata
P.O. Box 13935
Edwardsville, KS 66111

Ray Mata
Pampa, TX

Pablo Olvera
P.O. Box 197
Donna, TX 78537

Felipa Olvera Gutierrez
P.O. Box 65
Donna, TX 78537

Eglantina Olvera
P.O. Box 351
Donna, TX 78537

Jorge Olvera
Abilene, TX

Blanca Lydia Olvera Vasquez
Kingsville, TX

Ofelia Olvera-Ricker
Las Vegas, NV

Rolando Olvera
Red Oak, TX

Carolina Olvera Duran
P.O. Box 351
Donna, TX 78537

Francisco Olvera Jr.
P.O. Box 523001
Miami, FL 33152

Felix Olvera
Kalamazoo, MI

Richard Cervantes
Houma, LA

Robert Cervantes
Weslaco, TX

Irma Cervantes Castillo
Weslaco, TX

Eugenia Bueno Sanchez
Donna, TX

Eutimio Sanchez, Jr.
Huntsville, TX

Larry B. Sanchez
Weslaco, TX

Paula Sanchez Botello
P.O. Box 1151
Elsa, TX 78543

Hilaria Sanchez Castellanos
Donna, TX

Lucinda Sanchez
Hernandez
Donna, TX

Natalia Sanchez
Brownsville, TX

Marissa Sanchez Hinojosa
████████
New Braunfels, TX ███

Nelda Janet Sanchez
Morales
████████
Hidalgo, TX ███

Guadalupe Sanchez, Jr.
████████
Donna, TX ████

Alberto J. Sanchez
████████
Donna, TX ███

Pedro J. Sanchez
P.O. Box 292
La Ward, TX 77970

Rogelio Sanchez
████████
Mission, TX ███

Maria Angelita Castillo
Cordova
PO Box 674
Donna, TX 78537

Ernesto Castillo
████████
Lewisville, TX ███

Felipe Castillo, Jr.
████████
Buda, TX ███

Rene Castillo, Jr.
████████
Donna, TX ███

Cindy Castillo
Rodriguez
████████
Donna, TX ███

Ashley Nicole Castillo
████████
Donna, TX ███

Noemi Garcia Castillo
████████
Donna, TX ███

Israel Castillo, Jr.
████████
Corpus Christi, TX
████

Justin Castillo
████████
Corpus Christi, TX ███

Natalie Roxanne Castillo
████████
Corpus Christi , TX ███
███

Guadalupe Fernandez
Cano
████████
Donna, TX ███

Maria Del Rosario Sanchez
████████
Donna, TX ███

Norma Sanchez
PO Box 681
Donna, TX 78537

Gaspar Sanchez, Jr.
████████
Donna, TX ███

Thelma Sanchez
PO Box 681
Donna, TX 78537

Jennifer Janell Sanchez
████████
Donna, TX ███

Laura Morgan Richey
████████
Austin, TX ███

Claude Henry Richey, Jr.
████████
Houston, TX ███

William Edgar Richey
████████
Reston, VA ███

Mary Azam
████████
Meadowlakes, TX
████

Lewis Brewster
████████
Fairmont, MN ███

Hidalgo County
Pablo (Paul) Villarreal, Jr.
Tax Assessor-Collector
2804 S. Business Hwy 281
Edinburg, TX 78539

Military Highway Water
Supply Corporation
P.O. Box 250
Progreso, TX 78579

Military Highway Water Supply
Corporation Ramon Rosales Jr.
(Registered Agent)
4000 US Highway 281
Mercedes, TX  78570

Respectfully submitted,

**FOR PLAINTIFF:**

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:    *s/ Roland D. Ramos*
        **ROLAND D. RAMOS**
        Assistant United States Attorney
        Southern District of Texas No. 3458120
        Texas Bar No. 24096362
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone:  (956) 618-8010
        Facsimile:  (956) 618-8016
        E-mail: Roland.Ramos@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Roland D. Ramos, Assistant United States Attorney for the Southern District of Texas,

do hereby certify that on January 24, 2020, I mailed a true and correct copy of the foregoing

document to all parties still remaining in this case.

*s/ Roland D. Ramos*
**ROLAND D. RAMOS**