**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:19-CV-409 |
| | § | |
| 6.10 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN HIDALGO COUNTY, | § | |
| STATE OF TEXAS; YOLANDA | § | |
| HERNANDEZ, *ET AL.* | § | |
| | § | |
| *Defendants.* | § | |

---

**AMICUS BRIEF REGARDING OWNERSHIP OF SUBJECT PROPERTY**

---

The UNITED STATES OF AMERICA (hereinafter "Plaintiff") submits the following brief regarding ownership of the subject property in its role as *amicus curiae* and pursuant to Federal Rule of Civil Procedure 71.1.[1] While the United States takes no formal position regarding the interests of potential claimants, the United States believes that resolution of title ownership is necessary before just compensation may be determined and awarded.

## I.    PROCEDURAL HISTORY

1. On December 11, 2019, Plaintiff filed a Declaration of Taking[2] and Complaint in Condemnation[3] for a fee simple interest in 6.10 acres of land, more or less, located in Hidalgo County, Texas, identified as Tract RGV-WSL-4004 (hereinafter referred to as the "Subject

---

[1] *See* FRCP 71.1 advisory committee's notes to 1951 edition, note to Subdivision (1) (noting that " . . . the distribution of the award is a matter in which the United States has no legal interest . . . although the United States attorneys are expected to aid the court in such as matters as amici curiae.").
[2] Dkt. No. 2.
[3] Dkt. No. 1.

Property"). The interest and property are more particularly described at Schedules "C", "D", and "E" of the Declaration of Taking.[4]

2.   On December 17, 2019, Plaintiff deposited $25,010.00 into the Registry of the Court as estimated just compensation for the fee taking of the Subject Property.[5] Pursuant to 40 U.S.C. § 3114(b)(1), the filing and the deposit immediately vested title to the Subject Property in the United States.

3.   On December 20, 2019, Plaintiff filed a Notice of Disclaimer Executed by David Olvera requesting the Court dismiss David Olvera from this action.[6] The Court subsequently dismissed David Olvera from this case on January 2, 2020.[7]

4.   Additionally, on December 31, 2019, Plaintiff filed a Notice of Disclaimer of Partial Interest Executed by Daniel Jackson, Jr., wherein Daniel Jackson, Jr. disclaimed any right, title, claim, or interest in the just compensation paid or to be paid for his partial interest in the Subject Property that was inherited from his father, Daniel Jackson, Sr., only.[8] On October 6, 2020, prior to the Court's ruling on this partial disclaimer, Plaintiff filed an Advisory to the Court Regarding Docket Number 19 advising the Court of Daniel Jackson, Jr.'s intention not to disclaim any interest in the Subject Property.[9] Daniel Jackson, Jr. is therefore treated as though he has not disclaimed any interest in the Subject Property throughout this brief.

---

[4] *See* Dkt. No. 2-1.
[5] Dkt. No. 6.
[6] Dkt. No. 7.
[7] Dkt. No. 40.
[8] Dkt. No. 19.
[9] Dkt. No. 124.

5.   On January 13, 2020, Plaintiff filed its Partially Opposed Motion for Order of Immediate Possession,[10] and the Court issued an Order for Immediate Possession[11] granting this motion on February 6, 2020.

6.   As of May 21, 2020, all parties have been served with the Notice of Condemnation,[12] Declaration of Taking,[13] and Complaint in Condemnation[14]  in this action in accordance with Federal Rule of Civil Procedure 71.1(d)(3) and therefore service is complete.

7.   Defendants Ventura Brewster Flores, Amalia Brewster Sanchez, Rose Brewster Dillard, Louisa Brewster Gallardo, and Jaime Lanay Brewster filed their Original Answer in this case on February 11, 2020 in accordance with Federal Rule of Civil Procedure 71.1(e).[15] No other Defendant has filed an answer to date.

## II.   STATEMENT OF FACTS

### A.  *Title Prior to 1952*

8.   Title to the Subject Property runs from an Agreement of Partition recorded November 18, 1914 in the Hidalgo County Deed Records.[16] From the Agreement of Partition, Leonardo Jackson was allotted 122.09 acres, more or less, out of the El Gato Grant.[17]

---

[10] Dkt. No. 66.
[11] Dkt. No. 99.
[12] Dkt. No. 3.
[13] Dkt. No. 2.
[14] Dkt. No. 1.
[15] Dkt. No. 44.
[16] *See* Ex. 1 – Agreement of Partition, Doc. No. 1914-90000154, Recorded November 18, 1914, Deed Records of Hidalgo County, Texas.
[17] *Id.*

9.   When Leonardo Jackson died intestate on April 6, 1924,[18] his interest in the Subject Property was divided equally among his nine children,[19] subject to a 1/3 life estate interest held by his spouse, Antonia Hernandez Jackson.[20]

10.   At the time of Leonardo Jackson's death his nine children were as follows: Apolonio Jackson, Daniel Jackson, Fernando Jackson, Leonardo Jackson, Jr., Santiago Jackson, Isabel Jackson Sanchez, Andrea Jackson Handy, Josefa Jackson Olbera, and Clemencia Jackson Brewster.[21]

11.   On July 24, 1937, Leonardo Jackson's surviving wife and nine children together granted and signed a perpetual easement granting the County of Hidalgo access to the Subject Property for purposes of "constructing, operating, and maintaining suitable levees[.]"[22] Hidalgo County subsequently conveyed the easement to the United States of America on October 5, 1937.[23]

12.   On October 20, 1941, a Final Judgment[24] was entered partitioning 232 acres[25] out of the El Gato Grant into undivided shares amongst Leonardo Jackson's nine children as follows:

  a.  34.4/232 undivided interest to Andrea Jackson de Munoz

  b.  34.4/232 undivided interest to Clemencia Jackson De Brewster

  c.  34.4/232 undivided interest to Ysabel Jackson de Sanchez

  d.  34.4/232 undivided interest to Daniel Jackson

---

[18] Ex. 2 - Aff. of J.P. Bowie, Doc. No. 1937-8805, Recorded October 5, 1937, Deed Records of Hidalgo County, Texas.

[19] As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).

[20] Tex. Prob. Code § 38(b)(1). Antonia Hernandez Jackson was his second wife.

[21] *See* Ex. 2, *supra* note 18.

[22] Ex. 3 - Levee Easement, Doc. No. 1937-8801, Recorded October 5, 1937, Deed Records of Hidalgo County, Texas.

[23] *See* Ex. 4 - Easement Deed, Doc. No. 1937-8800, Recorded October 5, 1937, Deed Records of Hidalgo County, Texas.

[24] Ex. 5 - Final Judgment, Cause No. B-12,812, Doc. No. 1953-2508, Recorded February 9, 1953, Deed Records of Hidalgo County, Texas.

[25] The 232 acres included the original 122.09 acres Leonardo Jackson received out of the El Gato Grant via the Agreement of Partition recorded November 18, 1914. *See* Ex. 1, *supra* note 16; *id*.

    e.  34.4/232 undivided interest to Apolonio Jackson

    f.  15/232 undivided interest to Fernando Jackson

    g.  15/232 undivided interest to Leonardo Jackson, Jr.

    h.  15/232 undivided interest to Santiago Jackson

    i.  15/232 undivided interest to Josefa Jackson de Olvera

13. On September 22, 1944, Leonardo Jackson, Jr. deeded his entire 15/232 interest in the Subject Property to his mother, Antonia Hernandez Jackson, via Quitclaim Deed.[26]

14. On August 20, 1946, Fernando Jackson deeded his entire 15/232 interest in the Subject Property to William Edgar Richey ("W.E. Richey") via Warranty Deed.[27] Santiago Jackson also deeded his entire 15/232 interest in the Subject Property to W.E. Richey via Warranty Deed on December 30, 1946.[28] As a result of these transactions, W.E. Richey held a 30/232 interest in the property.

15. On April 14, 1947, Antonia Hernandez Jackson died thereby extinguishing her 1/3 life estate in the Subject Property.[29] She died a widow survived by four children: Fernando Jackson, Josefa Hernandez Jackson Olvera Ponce, Leonardo Jackson, Jr., and Santiago Jackson.[30] There are no probate records of Antonia Hernandez Jackson's estate, leading to the belief that Antonia Hernandez Jackson died intestate, and the 15/232 undivided interest conveyed to her via Quitclaim

---

[26] Ex. 6 - Quitclaim Deed, Doc. No. 1944-49929, Recorded September 27, 1944, Deed Records of Hidalgo County, Texas.
[27] Ex. 7 - Warranty Deed, Doc. No. 1946-14841, Recorded August 21, 1946, Deed Records of Hidalgo County, Texas.
[28] Ex. 8 - Warranty Deed, Doc. No. 1946-22289, Recorded December 30, 1946, Deed Records of Hidalgo County, Texas.
[29] Ex. 9 - Affidavit of Heirship, Doc. No. 1955-7934, Recorded April 30, 1955, Deed Records of Hidalgo County, Texas.
[30] *Id.*

Deed on September 22, 1944 was therefore divided equally among her four children in shares of 3.75/232.[31]

16. On April 27, 1949, W.E. Richey deeded 5/232 of his undivided interest in the Subject Property to Apolonio Jackson via Warranty Deed,[32] and 15/232 of his undivided interest in the Subject Property to Andrea Jackson de Munoz via Warranty Deed with Vendor's Lien.[33]  As a result of these transactions, W.E. Richey retained a 10/232 undivided interest in the Subject Property, with Apolonio Jackson's undivided interest increasing to 39.4/232 and Andrea Jackson de Munoz's undivided interest increasing to 49.4/232.

17. On July 29, 1952, Andrea Jackson de Munoz, Clemencia Jackson Brewster, Isabel Jackson Sanchez, Daniel Jackson, Sr., Apolonio Jackson, Sr., Leonardo Jackson, Jr., Josefa Jackson Olvera, and W.E. Richey partitioned all of Portion 1 of the Rachel Webber Tract of the El Gato Grant via Partition Deed[34] but they specifically excluded the 6.10 acre Subject Property as they were apparently under the mistaken belief that they had sold in fee the 6.10 acre Subject Property when they granted the perpetual easement over the Subject Property to Hidalgo County, which was subsequently transferred to the United States for construction of the levee. Because of this mistaken belief, they failed to account for the Subject Property in any later surveys, partitions, or conveyances.

---

[31] Tex. Est. Code § 201.001(b); *see* Ex. 6, *supra* note 26.
[32] Ex. 10 - Warranty Deed, Doc. No. 1950-919, Recorded January 18, 1950, Deed Records of Hidalgo County, Texas.
[33] Ex. 11 - Warranty Deed with Vendor's Lien, Doc. No. 1950-920, Recorded January 18, 1950, Deed Records of Hidalgo County, Texas.
[34] Ex. 12 - Partition Deed, Doc. No. 1953-10745, Recorded July 9, 1953, Deed Records of Hidalgo County, Texas; *see* Ex. 13 – Affidavit and Map of Proposed Partition, Doc. No. 1964-10984, Recorded June 22, 1964, Deed Records of Hidalgo County, Texas.

18. At the time of the 1952 partition, the percentage[35] of ownership interests in the Subject

Property were as follows:

|   |   |   |
|---|---|---|
| a. | Andrea Jackson de Munoz, as separate property | .212931035 (49.4/232) |
| b. | Apolonio Jackson a/k/a Apolonio Jackson, Sr., as separate property | .169827586 (39.4/232) |
| c. | Daniel Jackson a/k/a Daniel Jackson, Sr., as separate property | .148275862 (34.4/232) |
| d. | Ysabel Jackson de Sanchez a/k/a Isabel Jackson a/k/a Isabel Sanchez, as separate property | .148275862 (34.4/232) |
| e. | Clemencia Jackson Brewster, as separate property | .148275862 (34.4/232) |
| f. | Josefa Jackson Ponce a/k/a Josefa Jackson Olvera as separate property | .080818966 (18.75/232) |
| g. | W. E. Richey | . 043103448 (10/232) |
| h. | Fernando Jackson, as separate property | .016163793 (3.75/232) |
| i. | Leonardo Jackson, Jr., as separate property | .016163793 (3.75/232) |
| j. | Santiago Jackson, as separate property | .016163793 (3.75/232) |
|   | Total: | 1.00000000 (232/232) |

19. Because the Subject Property was never specifically accounted for in later surveys,

partitions, or conveyances, it remained an asset shared equally by all of Leonardo Jackson's

---

[35] The ownership interests are identified in percentages at this time rather than fractions for ease of division throughout the remainder of this brief.

original heirs and W.E. Richey; and as each died; the share amounts became smaller but continued to be conveyed by will or intestacy.

## B.  *Title Following the 1952 Partition Deed*

### a.  **Andrea Jackson de Munoz (.212931035)**

20. Andrea Jackson de Munoz died a widow and intestate on November 11, 1981.[36] An Affidavit of Heirship for Andrea Jackson de Munoz provides that "she took three children in, who were babies, and raised them, to wit, Apolonio Jackson, Jr., Daniel Jackson, Jr., and Yolanda Jackson, who is now Yolanda Jackson Hernandez."[37] The affidavit further provides that Andrea Jackson de Munoz promised each of the three "children that she would adopt them, and they relied on said promises."[38] Andrea Jackson de Munoz ultimately only legally adopted Daniel Jackson, Jr.[39]

21. Because Andrea Jackson de Munoz only legally adopted Daniel Jackson, Jr., he was entitled to her full interest in the Subject Property.[40] On October 25, 2019, however, Daniel Jackson, Jr., Apolonio Jackson, Jr., and Yolanda Jackson Hernandez signed a Stipulation of Interest and Cross Conveyance[41] which included an equal division of Andrea Jackson de Munoz's undivided interest in the Subject Property amongst themselves.

22. Accordingly, Andrea Jackson de Munoz's undivided interest in the Subject Property was ultimately equally divided between Daniel Jackson, Jr., Apolonio Jackson, Jr., and Yolanda

---

[36] Ex. 14 - Aff. of Heirship, Doc. No. 1983-12310, Recorded April 5, 1983, Deed Records of Hidalgo County, Texas.
[37] *Id*.
[38] *Id*.
[39] *Id*.
[40] *See* Tex. Est. Code § 201.001(b) (stating that property of an intestate with no spouse descends to the person's children); Tex. Est. Code § 22.004 (defining "child"); *see also id*.
[41] Ex. 15 - Stipulation of Interest and Cross Conveyance, executed October 25, 2019.

Jackson Hernandez, with each individual receiving a .070977012 undivided interest in the Subject Property.

### b.  Apolonio Jackson, Sr. (.169827586)

23. Apolonio Jackson, Sr. died on March 11, 1985 and his will was subsequently probated in the County Court of Hidalgo County.[42] While the will did not specifically account for Apolonio Jackson, Sr.'s interest in the Subject Property, it contained a residuary clause devising "all of the rest, residue and remainder . . . of [his] property and estate . . . to [his] three beloved children, per stirpes, being Yolanda Jackson Hernandez, Daniel Jackson[, Jr.], and Apolonio Jackson, Jr., in equal portions . . . ."[43]

24. Apolonio Jackson, Sr.'s undivided interest in the Subject Property was therefore equally portioned between Daniel Jackson, Jr., Apolonio Jackson, Jr., and Yolanda Jackson Hernandez, with each receiving an additional .056609195 undivided interest in the Subject Property.[44]

### c.  Daniel Jackson, Sr. (.148275862)

25. Daniel Jackson, Sr. died a widower and intestate on October 23, 1968 with five surviving children: Oralia Jackson Santiago, Jesse Jackson, Edwardo Lee Jackson, Daniel Jackson, Jr., and Lee Roy Jackson.[45] Pursuant to section 201.001(b) of the Texas Estates Code, Daniel Jackson, Sr.'s interest in the Subject Property was divided equally among his children with each receiving an undivided interest in the Subject Property in the amount of .029655172.

---

[42] Ex. 16 – Last Will and Testament of Apolonio Jackson, Est. of Apolonio Jackson, Cause No. 18,840-A (Co. Ct. at Law No. 1, Hidalgo County, Tex. Aug. 26, 1987).
[43] *Id*.
[44] *See id*. With this additional interest, Daniel Jackson, Jr., Apolonio Jackson, Jr., and Yolanda Jackson Hernandez each obtained a .127586207 undivided interest in the Subject Property.
[45] Ex. 17 - Aff. of Facts Concerning the Identity of Heirs for Daniel R. Jackson, Sr., executed November 26, 2019.

26. Daniel Jackson, Jr.,[46] Oralia Jackson, and Eduardo Lee Jackson continue to hold their .029655172 undivided interest in the Subject Property.

27. Lee Roy Jackson died intestate on February 2, 1999 survived by his wife, Esperanza E. Jackson, and two children: Brenda Lee Jackson and Narsedalia Jackson.[47] Upon his death, his .029655172 undivided interest in the Subject Property was divided equally among his two children, [48] subject to a 1/3 life estate interest held by his spouse, Esperanza E. Jackson.[49]

   a.   On March 11, 2013, Esperanza E. Jackson died, thereby extinguishing her 1/3 life estate in the Subject Property. [50] Accordingly, Brenda Lee Jackson and Narsedalia Jackson are the only surviving heirs Lee Roy Jackson, and each hold a .014827586 undivided interest in the Subject Property.

28. Jesse Jackson died intestate on May 26, 1988 survived by his wife, Carmela Barron Jackson, and five children: Jesse Lee Jackson, Joe Lee Jackson, Jaime Jackson, Nathaniel Jackson, and Jessica Jackson.[51] Upon his death, his .029655172 undivided interest in the Subject Property was divided equally among his five children,[52] subject to a 1/3 life estate interest held by his spouse, Carmela Barron Jackson.[53]

---

[46] As referenced previously, Daniel Jackson, Jr. executed a Disclaimer of Partial Interest wherein he disclaimed any right, title, claim, or interest in the just compensation paid or to be paid for his partial interest in the Subject Property inherited from his father, Daniel Jackson, Sr. *See* Dkt. No. 19. Daniel Jackson, Jr. has since determined that he does not want to disclaim the interest in the Subject Property inherited from his father, however, and therefore he is treated as though he continues to retain his interest. *See* Dkt. No. 124. With this additional interest, Daniel Jackson, Jr.'s total ownership interest in the Subject Property is .157241379.
[47] Ex. 18 – Aff. of Facts Concerning the Identity of Heirs for Lee Roy Jackson, executed November 21, 2019.
[48] As inherited property, each of the two children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[49] Tex. Est. Code § 201.002(b).
[50] *See* Ex. 18, *supra* note 47.
[51] Ex. 19 – Aff. of Facts Concerning the Identity of Heirs of Jesse Jackson, executed November 12, 2019.
[52] As inherited property, each of the five children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[53] Tex. Prob. Code § 38(b)(1). Carmela Barron Jackson was his second wife.

a.  On May 4, 2002, Nathaniel Jackson and Jessica Jackson both died intestate, unmarried, and without issue.[54] Their undivided interest in the Subject Property was therefore divided ½ to their mother, Carmela Barron Jackson, and ½ to their three surviving siblings: Jesse Lee Jackson, Jr., Joe Lee Jackson, and Jaime Jackson.[55]

b.  Accordingly, Jesse Jackson's undivided interest in the Subject Property is currently held as follows: Carmela Barron Jackson holds a total undivided interest of .013839079[56] in the Subject Property; and Jesse Lee Jackson, Jr., Joe Lee Jackson, and Jaime Jackson each hold a .005272031 undivided interest in the Subject Property.

**d.  Isabel Jackson Sanchez (.148275862)**

29. Isabel Jackson a/k/a Isabel Jackson Sanchez a/k/a Ysabel Jackson De Sanchez a/k/a Maria Isabel Jackson (referred hereinafter as "Isabel Jackson Sanchez") died a widow and intestate on or about the year 1988, leaving eight surviving children: Juan J. Sanchez, Pedro Sanchez, Natalia Castillo, Hilaria S. Fernandez, Guadalupe Sanchez, Jr., Alberto J. Sanchez, Eutimio J. Sanchez, and Gaspar J. Sanchez.[57] Pursuant to the Texas Estates Code section 201.001(b), Isabel Jackson Sanchez's undivided interest in the Subject Property was divided equally among her eight surviving children, with each receiving a .018534483 undivided interest in the Subject Property.[58]

30. Guadalupe Sanchez, Jr., Alberto J. Sanchez, and Pedro Sanchez continue to hold their .018534483 undivided interest in the Subject Property.

---

[54] Ex. 20 – Aff. of Facts Concerning the Identity of Heirs of Nathaniel Jackson, executed Nov. 12, 2019; Ex. 21 – Aff. of Facts Concerning the Identity of Heirs of Jessica Jackson, executed Nov. 12, 2019; *see also* Ex. 19, *supra* note 51.

[55] Tex. Est. Code § 201.001(d)(1).

[56] Carmela Barron Jackson's 1/3 life estate interest which totals .009885057 is included in this amount.

[57] Ex. 22 – Aff. of Heirship for Guadalupe Sanchez and Ysabel Jackson de Sanchez, Doc. No. 1990-181566, Recorded Oct. 4, 1990, Official Deed Records of Hidalgo County, Texas. Isabel Jackson had another son named Eutemio Sanchez, but he died in 1941 without issue and having never married. *Id*. Additionally, she also had another child named Santiago Sanchez, but he died in infancy. Ex. 23 – Infancy Death Cert. of Santiago Sanchez, filed Aug. 17, 1945, Dep't of Health, Bureau of Vital Statistics.

[58] *See id*.

31. Eutimio Jackson Sanchez died intestate on May 4, 2006 survived by his wife, Eugenia B. Sanchez, and eight children: Eutimio Sanchez, Jr., Larry B. Sanchez, Paula S. Botello, Hilaria S. Castellanos, Lucinda S. Hernandez, Natalia Sanchez, Marissa Dolores Hinojosa, and Nelda Janet Sanchez Morales.[59] Upon his death, his .018534483 undivided interest in the Subject Property was divided equally among his eight children,[60] subject to a 1/3 life estate interest held by his spouse, Eugenia B. Sanchez.[61]

    a.   Accordingly, Eutimio Jackson Sanchez's undivided interest in the Subject Property is currently held as follows: Eugenia B. Sanchez holds a 1/3 life estate amounting to a .006178161 undivided interest in the Subject Property, and Eutimio Sanchez, Jr., Larry B. Sanchez, Paula S. Botello, Hilaria S. Castellanos, Lucinda S. Hernandez, Natalia Sanchez, Marissa Dolores Hinojosa, and Nelda Janet Sanchez Morales each hold a .00154454 undivided interest in the Subject Property.

32. Juan J. Sanchez died intestate and a widower on June 29, 1990, with only one child, Rogelio G. Sanchez.[62] Accordingly, his entire .018534483 undivided interest in the Subject Property is now held solely by his surviving son, Rogelio G. Sanchez.[63]

33. Natalia Sanchez Castillo died intestate on March 26, 2007, survived by her husband, Felipe Castillo, and five children: Maria Angelita Castillo Cordova, Ernesto Castillo, Felipe Castillo, Jr., Rene Castillo, and Israel Castillo.[64] Her .018534483 undivided interest was therefore divided equally among her five children,[65] subject to a 1/3 life estate interest held by her spouse, Felipe

---

[59] Ex. 24 – Aff. of Facts Concerning the Identity of Heirs of Eutimio Jackson Sanchez, executed Nov. 4, 2019.
[60] As inherited property, each of the five children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[61] Tex. Est. Code § 201.002(b) Eugenia B. Sanchez was his second wife.
[62] Ex. 25 – Aff. of Facts Concerning the Identity of Heirs of Juan J. Sanchez, executed November 4, 2019.
[63] Tex. Estates Code § 201.001(b).
[64] Ex. 26 – Aff. of Facts Concerning the Identify of Heirs of Natalia Sanchez Castillo, executed November 8, 2019.
[65] As inherited property, each of the five children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).

Castillo.[66] Felipe Castillo passed away on February 18, 2008, however, thereby extinguishing his life estate and dividing Natalia Sanchez Castillo's entire undivided interest equally among her five surviving children in shares of .003706897 each.[67]

a.  Maria Angelita Castillo Cordova, Ernesto Castillo, and Felipe Castillo, Jr. continue to hold a .003706897 undivided interest in the Subject Property.

b.  Rene Castillo died intestate on September 24, 2016 survived by his wife, Noemi Garcia Castillo, and three children: Rene Castillo, Jr., Cindy Castillo Rodriguez, and Ashley Nicole Castillo.[68] His .003706897 undivided interest was therefore divided equally among his three children,[69] subject to a 1/3 life estate interest held by his spouse, Noemi Garcia Castillo.[70] His .003706897 undivided interest in the Subject Property is therefore currently held as follows: Noemi Garcia Castillo holds a .001235632 undivided life estate interest, and Rene Castillo, Jr., Cindy Castillo, and Ashley Nicole Castillo each hold a .000823755 undivided interest.

c.  Israel Castillo died intestate and unmarried on April 28, 2015, with three surviving children: Israel Castillo, Jr., Justin Castillo, and Natalie Roxanne Castillo.[71] Accordingly, his .003706897 undivided interest in the Subject Property is now held in equal shares by his three children, with each holding a .001235632 undivided interest in the Subject Property.[72]

---

[66] Tex. Est. Code § 201.002(b).
[67] *See* Ex. 26, *supra* note 64.
[68] Ex. 27 – Aff. of Facts Concerning the Identify of Heirs of Rene Castillo, executed November 22, 2019.
[69] As inherited property, each of the five children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[70] Tex. Est. Code § 201.002(b).
[71] Ex. 28 – Aff. of Facts Concerning the Identity of Heirs of Israel Castillo, executed Nov. 1, 2019.
[72] Tex. Estates Code § 201.001(b).

34. Hilaria Sanchez Fernandez died intestate and a widow on August 16, 2017, with one surviving child, Guadalupe Fernandez Cano.[73] Accordingly, her entire .018534483 undivided interest in the Subject Property is now held solely by her surviving daughter, Guadalupe Fernandez Cano.[74]

35. Gaspar Jackson Sanchez died intestate on March 7, 2016 survived by his wife, Maria Del Rosario Sanchez, and four children: Norma Sanchez, Thelma Sanchez, Gaspar Sanchez, Jr., and Jennifer Janell Sanchez.[75] His .018534483 undivided interest was therefore divided equally among his four children,[76] subject to a 1/3 life estate interest held by his spouse, Maria Del Rosario Sanchez.[77] His .018534483 undivided interest in the Subject Property is therefore currently held as follows: Maria Del Rosario Sanchez holds a .006178161 undivided life estate interest, and Norma Sanchez, Thelma Sanchez, Gaspar Sanchez, Jr., and Jennifer Janell Sanchez each hold a .00308908 undivided interest.

### e. Clemencia Jackson Brewster (.148275862)

36. Clemencia Jackson a/k/a Clemencia Jackson Brewster a/k/a Clemencia Jackson De Brewster (referred hereinafter as "Clemencia Jackson Brewster") died a widow on March 10, 1989 and her estate was probated in Hidalgo County Cause No. 26,706-C.[78] Clemencia Jackson Brewster's will provided that all of her "property and estate, real and personal or mixed" be divided in eight equal portions among each of her seven surviving children,[79] and the heirs of her

---

[73] Ex. 29 – Aff. of Facts Concerning the Identity of Heirs of Hilaria Sanchez Fernandez, executed Oct. 17, 2019.
[74] Tex. Estates Code § 201.001(b).
[75] Ex. 30 – Aff. of Facts Concerning the Identity of Heirs of Gaspar Jackson Sanchez, executed Nov. 1, 2019.
[76] As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[77] Tex. Est. Code § 201.002(b).
[78] Ex. 31 – Last Will and Testament of Clemencia Jackson de Brewster, Doc. No. 1997-571907, Recorded Jan. 9, 1997, Deed Records of Hidalgo County, Texas.
[79] *See id.* The surviving children of Clemencia Jackson Brewster were: Samuel J. Brewster, George "Jorge" Brewster, Ventura Brewster Flores, Amalia Brewster Sanchez, Rose Brewster Dillard, Louisa Brewster Gallardo, and Jamie Lanay Brewster (f/k/a Luis Brewster, Jr.).

predeceased son, James J. Brewster. Following the probate of her estate, each of Clemencia Jackson's seven surviving children and the heirs of her son, James J. Brewster, received an equal share of her interest in the Subject Property.

37. Ventura Brewster Flores, Amalia Brewster Sanchez, Rosa Brewster Dillard, Luisa Brewster Gallardo, and Jamie Lanay Brewster all continue to hold a .018534483 undivided interest in the Subject Property.

38. Samuel Jackson Brewster died intestate on May 2, 1992 survived by his wife, Maria Trinidad Brewster Fernandez and seven children: Samuel Jackson Brewster, Jr., Lewis Brewster, James Brian Brewster, Gabriel Bryan Brewster, David Brewster, Clemencia America Brewster, and Sandra Brewster.[80] His .018534483 undivided interest was therefore divided equally among his seven children,[81] subject to a 1/3 life estate interest held by his spouse, Maria Trinidad Brewster Fernandez.[82] Maria Trinidad Brewster Fernandez passed away on December 26, 2012, however, thereby extinguishing her life estate and dividing Samuel Jackson Brewster's entire undivided interest equally among his seven surviving children in shares of .002647783 each.[83]

   a.  Samuel Jackson Brewster, Jr., Lewis Brewster, James Brian Brewster, Gabriel Bryan Brewster, David Brewster, Clemencia America Brewster, and Sandra Brewster therefore each hold a .002647783 undivided interest in the Subject Property.

39. James Jackson Brewster died intestate and unmarried on January 21, 1975 survived by two children: Virginia Brewster Sanchez and Melissa Cher Lewis.[84] His .018534483 undivided interest

---

[80] Ex. 32 – Aff. of Facts Concerning the Identity of Heirs of Samuel Jackson Brewster, executed Nov. 15, 2019.
[81] As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[82] Tex. Prob. Code § 38(b)(1).
[83] *See* Ex. 32, *supra* note 80.
[84] Ex. 33 – Aff. of Facts Concerning the Identity of Heirs of James Jackson Brewster, executed Dec. 9, 2019.

in the Subject Property is now held in equal shares by his two children, with each holding a .009267242 undivided interest in the Subject Property.[85]

40. George "Jorge" Brewster, Sr. died intestate on May 23, 2001 survived by his wife, Teresa Casarez Brewster, and three children: George Brewster, Jr., Roxanne Brewster Rodriguez, and Diane Brewster.[86] Accordingly, his .018534483 undivided interest in the Subject Property was divided equally among his three surviving children with each receiving a .004118773 undivided interest,[87] subject to a 1/3 life estate interest held by his spouse, Teresa Casarez Brewster which amounts to a .006178161 interest.[88]

    a. George Brewster, Jr. died intestate on September 6, 2018, survived by his wife, Rosa Linda Brewster and two children: Jacqueline Brewster and Frances Brewster.[89] His .004118773 undivided interest in the Subject Property was therefore divided equally among his two surviving children with each receiving a .001424440 undivided interest,[90] subject to a 1/3 life estate interest held by his wife, Rosa Linda Brewster, which amounts to a .001269955 interest.[91]

    b. Accordingly, the .018534483 undivided interest held by George "Jorge" Brewster, Sr. in the Subject Property is currently held as follows: Teresa Casarez Brewster holds .006178161 life estate interest; Roxanne Brewster Rodriguez and Diane Brewster each

---

[85] Tex. Est. Code § 201.001(b).

[86] Ex. 34 – Aff. of Facts Concerning the Identity of Heirs of George "Jorge" Brewster, Sr., executed Nov. 15, 2019. George Brewster, Sr. had two other children who predeceased him: Frank C. Brewster and Diana C. Brewster. Diana C. Brewster died in infancy and Frank C. Brewster died having never married and without children. *See id.*; Ex. 35 – Aff. of Facts Concerning the Identity of Heirs of Frank C. Brewster, executed Nov. 15, 2019.

[87] As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).

[88] Tex. Est. Code § 201.002(b).

[89] Ex. 36 – Aff. of Facts Concerning the Identity of Heirs of George Brewster, Jr., executed Nov. 15, 2019.

[90] As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).

[91] Tex. Est. Code § 201.002(b).

hold a .004118773 undivided interest; Rosa Linda Brewster holds a .001269955 life estate interest, and Jacqueline and Frances Brewster each hold a .001424440 undivided interest.

### f.  Josefa Jackson Olvera (.080818966)

41. Josefa Jackson Olbera a/k/a Josefa Jackson De Olvera a/k/a Josefa Jackson Ponce a/k/a Josepha Hernandez Jackson Olvera Ponce a/k/a Josephina Jackson (referred hereinafter as "Josefa Jackson Olvera") died a widow and intestate on May 23, 1972 survived by seven children: Suzanna Ponce Mata, Pablo Olvera, Jr., Felipa Olvera Gutierrez, Francisco Jackson Olvera, Felix Jackson Olvera, Marta Olvera Cervantez, and Flavio J. Olvera.[92] Her .080818966 undivided interest in the Subject Property was therefore divided equally among her seven surviving children, with each child receiving a .011545567 undivided interest in the Subject Property.[93]

42. Flavio J. Olvera died intestate on March 6, 2013 without children and having never married.[94] His .011545567 undivided interest in the Subject Property was therefore divided equally among his surviving siblings and/or the descendants of his predeceased siblings.[95] As discussed below, his surviving siblings would have each held a .013469828 undivided interest in the Subject Property following his death. For ease of reference and division among the predeceased siblings' descendants, Flavio J. Olvera's predeceased siblings' interests indicated below include their own interest along with the interest they would have inherited from Flavio J. Olvera, which is divided among their surviving heirs.

43. Pablo Olvera, Jr., Felipa Olvera Gutierrez, and Felix Jackson Olvera continue to hold a .013469828 undivided interest in the Subject Property.

---

[92] Ex. 37 – Aff. of Facts Concerning the Identity of Heirs of Josefa Jackson Olvera, executed Nov. 13, 2019. Josefa Jackson Olvera had another son, but he died in infancy. *Id.*
[93] Tex. Est. Code § 201.001(b).
[94] Ex. 38 – Aff. of Facts Concerning the Identity of Heirs of Flavio J. Olvera, executed Nov. 13, 2019.
[95] Tex. Est. Code § 201.001(e).

44. Suzanna (Susana) Ponce Mata died a widow and intestate on July 16, 1999, survived by three children: Trinidad Mata, Jr., Josefa Mata, and Ray Mata.[96] Accordingly, her .013469828 undivided interest in the Subject Property, which includes the interest she would have inherited following Flavio J. Olvera's death, was divided equally among her three surviving children, with each child receiving a .004489943 undivided interest in the Subject Property.[97]

45. Francisco Jackson Olvera died intestate on March 4, 2010, survived by his wife, Eglantina Gutierrez Olvera, and seven children: Jorge Olvera, Blanca Lydia Olvera Vasquez, Ofelia Olvera, Rolando Olvera, Carolina Olvera Duran (f/k/a Carolina Olvera Cruz), David Olvera, and Francisco Olvera, Jr.[98] Accordingly, his .013469828 undivided interest in the Subject Property, which includes the interest he would have inherited following Flavio J. Olvera's death, was divided equally among his seven surviving children with each receiving a .001282841 undivided interest,[99] subject to a 1/3 life estate interest held by his surviving spouse, Eglantina Gutierrez Olvera which amounts to a .004489943 undivided interest.[100]

    a. David Olvera executed a disclaimer on December 10, 2019, wherein he disclaimed "any right, title, claim or interest in the just compensation paid or to be paid" for the Subject Property.[101] The Court subsequently dismissed David Olvera from this case on January 2, 2020,[102] thereby causing his .001282841 undivided interest to be divided equally among his siblings.

---

[96] Ex. 39 – Aff. of Facts Concerning the Identity of Heirs of Susana Ponce Mata, executed Nov. 8, 2019.
[97] Tex. Est. Code § 201.001(b).
[98] Ex. 40 – Aff. of Facts Concerning the Identity of Heirs of Francisco Jackson Olvera, executed Nov. 7, 2019.
[99] As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[100] Tex. Est. Code § 201.002(b).
[101] Dkt. No. 7-1.
[102] Dkt. No. 40.

b.  Accordingly, Francisco Jackson Olvera's .013469828 undivided interest in the Subject Property is now held as follows: Eglantina Gutierrez Olvera holds a .004489943 life estate interest in the Subject Property, and Jorge Olvera, Blanca Lydia Olvera Vasquez, Ofelia Olvera, Rolando Olvera, Carolina Olvera Duran, and Francisco Olvera, Jr. each hold a .001496648 undivided interest in the Subject Property.

46. Marta Olvera Cervantes died a widow on June 20, 2000 with three surviving children: Richard Cervantes, Robert Cervantes, and Irma Cervantes Castillo.[103] Although she left a will, it was never probated[104] and the statute of limitations for probating the will has passed.[105] Accordingly, her .013469828 undivided interest in the Subject Property, which includes the interest she would have inherited following Flavio J. Olvera's death, was divided equally among her three surviving children, with each child receiving a .004489943 undivided interest in the Subject Property.[106]

### g.  Fernando H. Jackson (.016163793)

47. On March 19, 1955, Fernando H. Jackson deeded his entire .016163793 undivided interest in the Subject Property, which he inherited from his mother Antonia Hernandez Jackson, to his brother Leonardo Jackson, Jr. via Quitclaim Deed.[107] He therefore no longer holds any interest in the Subject Property.

### h.  Santiago Jackson, Sr. (.016163793)

48. On May 14, 1955, Santiago Jackson, Sr. also deeded his entire .016163793 undivided interest in the Subject Property, which he inherited from his mother Antonia Hernandez Jackson,

---

[103] Ex. 41 – Aff. of Facts Concerning the Identity of Heirs of Marta Olvera Cervantes, executed November 1, 2019.
[104] *Id*.
[105] Tex. Est. Code § 256.003(a).
[106] Tex. Est. Code § 201.001(b).
[107] Ex. 42 - Quitclaim Deed, Doc. ID 1955-7133, Recorded April 18, 1955, Deed Records of Hidalgo County, Texas.

to his brother Leonardo Jackson, Jr. via Quitclaim Deed.[108] He therefore no longer holds any interest in the Subject Property.

### i.   Leonardo Jackson, Jr. (.048491379)[109]

49. Leonardo Jackson, Jr. died intestate and a widower on April 26, 2011, with seven surviving children: Antonia Margarita Jackson Rodriguez, Raymond Adam Jackson, Leonard Thomas Jackson, Ricardo Jackson, Emilia Jackson, Angelica Jackson, and Andres Jackson.[110] Accordingly, his .048491379 undivided interest in the Subject Property was divided equally among his children, with each receiving a .00692734 undivided interest in the Subject Property, and they continue to hold this interest.[111]

### j.   W.E. Richey (.043103448)

50. W.E. Richey died intestate on April 10, 1967 with a surviving wife and two surviving children: Claude Henry Donohoe Richey and Mary Darnel Azam.[112] His .043103448 undivided interest was therefore divided equally among his two children,[113] subject to a 1/3 life estate interest held by his spouse, Florence Ellen Criswell Donohoe Richey.[114] Florence Ellen Criswell Donohoe Richey passed away on February 5, 1997, however, thereby extinguishing her life estate and

---

[108] Ex. 43 - Quitclaim Deed, Doc. ID 1955-11081, Recorded June 21, 1955, Deed Records of Hidalgo County, Texas.
[109] This amount is made up of Leonardo Jackson, Jr.'s original .016163793 undivided interest in the Subject Property he inherited from his mother, along with the two .016163793 shares of undivided interests he received from his brothers, Fernando H. Jackson and Santiago Jackson, Sr.
[110] Ex. 44 - Aff. of Facts Concerning the Identity of Heirs of Leonardo Jackson, Jr., executed Nov. 20, 2019. Leonardo Jackson, Jr. also had another daughter but she died in infancy. Ex. 45 - Infancy Death Cert. of Leonarda Jackson, filed Nov. 6, 1946, Dep't of Health, Bureau of Vital Statistics.
[111] Tex. Estates Code § 201.001(b).
[112] Ex. 46 - Aff. of Facts Concerning the Identity of Heirs of William Edgar Richey aka W.E. Richey, executed Nov. 18, 2019.
[113] As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[114] Tex. Prob. Code § 38(b)(1).

dividing W.E. Richey's entire undivided interest equally among his two surviving children in shares of .021551724 each.[115]

51. Mary Darnel Azam continues to hold her .021551724 undivided interest in the Subject Property.

52. Claude Henry Donohoe Richey died testate on May 9, 2007 and his will was probated in Travis County, Texas.[116] His will did not dispose of his interest in the Subject Property, however.[117] His .021551724 undivided interest therefore passed through intestacy,[118] being divided equally among his four surviving children: Laura Morgan Richey, Claude Henry Richey, Jr., William Edgar Richey, II, and David Dean Richey,[119] subject to a 1/3 life estate interest held by his wife, Mary Jane Morgan Richey.[120] Mary Jane Morgan Richey died on September 8, 2010, however, thereby extinguishing her life estate interest and dividing Claude Henry Donohoe Richey's entire undivided interest equally among his four surviving children with each receiving a .005387931 undivided interest in the Subject Property.

    a.  Laura Morgan Richey, Claude Henry Richey, Jr., and William Edgar Richey, II continue to hold their .005387931 undivided interest in the Subject Property.

    b.  Although not included in this lawsuit, Plaintiff has recently determined that David Dean Richey held a .005387931 undivided interest in the Subject Property, and that he died on or about June 1, 2014 survived by a wife and four children. Plaintiff has not yet verified this information, however, and David Dean Richey's potential surviving heirs have not

---

[115] See Ex. 46, supra note 112.
[116] Ex. 47 – Est. of Claude Henry Donohoe Richey, Cause No. C-1-PB-10-001502, Doc. No. 2011034166, Recorded Mar. 8, 2011, Deed Records of Travis County, Texas.
[117] Id.
[118] Id.
[119] Id. As inherited property, each of the nine children's interest in the Subject Property was their separate property. Tex. Family Code § 3.001(2).
[120] See id.; Tex. Est. Code § 201.002(b).

been located. Plaintiff will continue working to gather additional information regarding the heirs of David Dean Richey, and should the Court determine that David Dean Richey's heirs are proper interest holders in this action, Plaintiff will then seek to add the appropriate interested parties and advise the Court as to their ownership interests in the Subject Property.

### III.   ISSUE TO BE DECIDED

53. The only issues before the Court are the determination of (1) the identification of the parties entitled to just compensation for the taking of the Subject Property, and (2) the amount of just compensation to be paid for the property.  It is the first of these issues that the United States now requests this Court decide.

### IV.   LEGAL STANDARD

54. It is well-established that federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation.[121] Courts should resolve title issues as a preliminary matter, prior to granting just compensation.[122] Where more than one party claims ownership of land, the burden is on the claimant to establish his or her right to the property in question.[123]

55. In determining title, federal courts look to the substantive law of the state in which the property is located to determine a party's interest in land.[124] While the United States is expected

---

[121] *United States v. 22,680 Acres of Land in Kleberg Cty., Tex.*, 438 F.2d 75, 77 (5th Cir. 1971); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950); *see* FRCP 71.1(h); *United States v. Reynolds*, 397 U.S. 14, 19-20, (1970) (explaining that "except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented...").
[122] *Atomic Fuel Co.*, 383 F.2d at 3.
[123] *See United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966); *United States v. Certain Land in the Village of Highgate Springs*, 413 F.2d 128 (2nd Cir. 1969).
[124] *See United States ex. Rel. T.V.A. v. Powelson*, 319 U.S. 266, 279 (1943).

to aid the Court in its determination of title to land prior to condemnation, the United States takes no advocacy position regarding title matters in its role as *amicus curiae*.[125]

## V.    ANALYSIS

56. Although Plaintiff takes no advocacy position regarding ownership of the Subject Property, it offers the following based on the available title evidence in its role as *amicus curiae*:

57. All individuals currently named in this action claim an interest in the Subject Property. To facilitate successful negotiations regarding just compensation, Plaintiff must first know the proper parties to negotiate with and the share of ownership interest held by each individual.

58. Based on an examination of the available title evidence, it appears that after granting the perpetual easement over the 6.10 acre Subject Property to Hidalgo County, which subsequently conveyed the Subject Property to the United States, the heirs of Leonardo Jackson were under the mistaken belief that they had sold the 6.10 acre Subject Property in fee. Because of this mistaken belief, the Subject Property was not specifically accounted for in any later surveys, partitions, or conveyances.

59. Record title to the Subject Property was therefore held by all of Leonardo Jackson's original heirs and W.E. Richey when the land was partitioned in 1952, and title subsequently passed to their heirs as each died, continuing to descend through the families by will or intestacy as heirs passed away. As such, it appears that record title to the Subject Property is currently held by the individuals named in this action as indicated in the attached Ownership List.[126]

---

[125] *See United States v. Certain Lands in Town of Hempstead*, 129 F.2d 918, 920 (2d Cir. 1942); *see also* Fed. R. Civ. P. 71.1 advisory committee's notes to 1951 edition, not to Subdivision 1.

[126] Ex. 48 - Ownership List. David Olvera has not been included in this list because although he had an interest in the Subject Property on the date of taking, he no longer has an interest as he has been dismissed from this action based on his fully executed disclaimer. *See* Dkt. No. 40. Accordingly, the interest he held is divided amongst his siblings as noted above.

60. Plaintiff points out that Defendants Ventura Brewster Flores, Amalia Brewster Sanchez, Rose Brewster Dillard, Louisa Brewster Gallardo, and Jaime Lanay Brewster may have additional facts supporting or undermining Plaintiff's understanding of title in this matter that are not within Plaintiff's possession.

## VI.   CONCLUSION

Plaintiff would show that it is appropriate for the Court to determine title and the ownership interests held by each of the owners in the Subject Property. Based on the foregoing, Plaintiff submits that absent contradictory evidence submitted by any defendant hereto, it would be proper for this Court to determine title and the ownership interests in the Subject Property are held as indicated in the attached Ownership List. Accordingly, the United States requests that the Court determine the title owner of the Subject Property on the date of taking following the title hearing scheduled for October 14, 2020.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:      *s/ Roland D. Ramos*
**ROLAND D. RAMOS**
Assistant United States Attorney
Southern District of Texas No. 3458120
Texas Bar No. 24096362
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone:  (956) 618-8010
Facsimile:  (956) 618-8016
E-mail: Roland.Ramos@usdoj.gov
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I, Roland D. Ramos, Assistant United States Attorney for the Southern District of Texas, hereby certify that on October 7-8, 2020, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

By:    *s/ Roland D. Ramos*
       **ROLAND D. RAMOS**
       Assistant United States Attorney