IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:19-CV-409 |
| 6.10 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; YOLANDA HERNANDEZ, ET AL. | § § § § § § | |
| *Defendants.* | § § | |

**STIPULATION FOR ORDER ESTABLISHING JUST COMPENSATION, DISTRIBUTING FUNDS ON DEPOSIT IN THE REGISTRY OF THE COURT, AND PARTIAL FINAL JUDGMENT**

1. On December 11, 2019, the United States of America (hereafter "United States") filed a Declaration of Taking for the condemnation of a fee simple interest in 6.10 acres of land, more or less, located in Hidalgo County, Texas, identified as Tract RGV-WSL-4004 (hereafter "Subject Property").[1]

2. On December 17, 2019, the United States deposited $25,010.00 into the Registry of the Court as estimated total just compensation for the fee taking of the Subject Property.[2] Pursuant to 40 U.S.C. § 3114(b)(1), the filing and the deposit immediately vested title to the Subject Property in the United States.

3. On January 13, 2020, the United States filed a motion seeking an order of immediate possession of the Subject Property,[3] and the Court subsequently granted that motion on

---

[1] Dkt. No. 2.
[2] Dkt. No. 6.
[3] Dkt. No. 66.

February 6, 2020.[4] Accordingly, possession is no longer at issue in this case.

4. On April 9, 2021, the United States and 71 Defendants filed a Stipulation for Order Establishing Just Compensation, Distributing Funds on Deposit in the Registry of the Court, and Partial Final Judgment,[5] requesting that the Court distribute funds and enter a partial judgment against the United States as to only 71 of the Defendants.

5. On May 3, 2021, the Court issued an Order Establishing Just Compensation, Distributing Funds, and Partial Final Judgement as to 71 of the named Defendants, wherein the Court ordered that twenty-one thousand three-hundred-fifty-five dollars and twenty-one cents ($21,355.21) out of the funds on deposit in the Registry of the Court be disbursed to 71 of the Defendants for their interests in the Subject Property. The funds remaining on deposit after disbursement to the 71 Defendants totals three-thousand six-hundred-fifty-four dollars and seventy-nine cents ($3,654.79).

6. The United States has continued working with the remaining Defendants, and at this time the United States and the 7 undersigned Defendants have reached an agreement regarding the just compensation to be paid for their interests in the Subject Property. The amount of just compensation agreed upon by the 7 undersigned Defendants based on their total share from the remaining just compensation deposited into the registry of the Court totals nine-hundred-eighty-five dollars and eighteen cents ($985.18), and each of the undersigned Defendants' proportionate share of that total is reflected in this stipulation based on their interest in the Subject Property.

7. The United States and the 7 undersigned Defendants now make this stipulation for an Order: (a) establishing the just compensation as to only the 7 undersigned Defendants as indicated in this stipulation, to be paid by the United States for the taking of certain interests in the

---

[4] Dkt. No. 99.
[5] Dkt. No. 141.

Subject Property, (b) disbursing the stipulated amount of just compensation among the 7 undersigned Defendants as described in this stipulation, from the funds on deposit in the Registry of the Court, and (c) entering partial final judgment against the United States as to only the 7 undersigned Defendants. As grounds for this motion, the parties jointly state:

a. The United States and the 7 undersigned Defendants confirm and agree that the full and just compensation payable to them by the United States for the taking of the Subject Property shall be their proportionate share of the sum of nine-hundred-eighty-five dollars and eighteen cents ($985.18), plus any accrued interest earned thereon while on deposit, which sum is all inclusive and in full satisfaction of any claims of whatsoever nature by the 7 undersigned Defendants against the United States for the institution and prosecution of the above-captioned action.

b. The United States and the 7 undersigned Defendants now respectfully request that partial final judgment be entered against the United States as to those Defendants in the amount of nine-hundred-eighty-five dollars and eighteen cents ($985.18) for its taking of certain interests in the Subject Property, along with any accrued interest.

c. The United States previously deposited twenty-five thousand and ten dollars ($25,010.00) into the Registry of the Court as the total estimated just compensation for the taking of the Subject Property. The United States and the 7 undersigned Defendants agree that title to the Subject Property vested in the United States by operation of law.

d. The sum of nine-hundred-eighty-five dollars and eighteen cents ($985.18) out of the total remaining funds on deposit with the Registry of the Court, plus any accrued interest earned thereon while on deposit, shall be subject to all real estate taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the

    property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from this sum.

e. Upon the Court's Order entering partial final judgment in accordance with this stipulation of just compensation, the parties seek immediate disbursement of their proportionate share of the nine-hundred-eighty-five dollars and eighteen cents ($985.18) out of the total remaining funds on deposit in the Registry of the Court, together plus any accrued interest earned thereon since the deposit date of December 17, 2019,[6] to be **DISBURSED** as follows:

1) **$463.55** shall be payable by check to **Pedro J. Sanchez** with accrued interest from date of deposit;

2) **$173.25** shall be payable by check to **Andres Jackson** with accrued interest from date of deposit;

3) **$112.29** shall be payable by check to **Ray Mata** with accrued interest from date of deposit;

4) **$66.22** shall be payable by check to **Gabriel Bryan Brewster** with accrued interest from date of deposit;

5) **$66.22** shall be payable by check to **Lewis Brewster** with accrued interest from date of deposit;

6) **$66.22** shall be payable by check to **James Brewster (a/k/a James Brian Brewster)** with accrued interest from date of deposit;

---

[6] Dkt. No. 6.

       7) **$37.43** shall be payable by check to **Rolando Olvera** with accrued interest from date of deposit;

f. The 7 undersigned Defendants warrant (a) they were the shared owners of an undivided fee interest the Subject Property taken in this proceeding on the date of taking; (b) they have the exclusive right to their proportionate share of the compensation herein, excepting the interests of parties having liens, encumbrances of record, and unpaid taxes and assessments, if any; and (c) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

g. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the percentage of interest in the Subject Property held by the 7 undersigned Defendants, those Defendants shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by 7 undersigned Defendants, to the date of repayment into the Registry of the Court.

h. The 7 undersigned Defendants shall be responsible for their own legal fees, costs, and expenses, including attorney fees, consultant fees, and any other expenses or costs.

i. There being no outstanding taxes or assessments due or owing, the 7 undersigned Defendants are responsible for the payment of any additional taxes or assessments which they otherwise owe on the interest in the property taken in this proceeding on the date of taking.

j. The 7 undersigned Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders,

and judgments necessary to effectuate this stipulation.

k. The 7 undersigned Defendants shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interests in the properties taken in this proceeding on the date of taking.

l. This stipulation is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of the undersigned Defendants.

m. These parties request the Court enter a partial judgment against the United States in this case as to only the 7 undersigned Defendants.

Respectfully submitted,

**DEFENDANTS:**

**FOR PLAINTIFF:**

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

By: *s/ Pedro J. Sanchez (with permission)*
**PEDRO J. SANCHEZ**

By: *s/ Andres Jackson (with permission)*
**ANDRES JACKSON**

By: *s/ Roland D. Ramos*
**ROLAND D. RAMOS**
Assistant United States Attorney
Southern District of Texas No. 3458120
Texas Bar No. 24096362
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Roland.Ramos@usdoj.gov
Attorney in Charge for the United States of America

By: *s/ Ray Mata (with permission)*
**RAY MATA**

By: *s/ Lewis Brewster (with permission)*
**LEWIS BREWSTER**

By: *s/ James Brewster (with permission)*
**JAMES BREWSTER (a/k/a JAMES BRIAN BREWSTER)**

By: *s/ Gabriel Bryan Brewster (with permission)*
**GABRIEL BRYAN BREWSTER**

By: *s/ Rolando Olvera (with permission)*
      **ROLANDO OLVERA**

## CERTIFICATE OF SERVICE

I, Roland D. Ramos, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on May 12-13, 2021, a copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure.

By: *s/ Roland D. Ramos*
      **ROLAND D. RAMOS**
      Assistant United States Attorney